**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | No. CR-96-0308 PHX RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| Jo Ann Champion (Pink), ) | |
| ) | |
| Defendant. ) | |

Currently pending before the court are two nearly identical "Request[s] to Transfer Proceeding to Federal Judicial District Court, San Diego, California" brought by defendant Jo Ann Champion Pink. (Docs. 27 and 30). Previously, this court deemed those requests to be motions brought pursuant to LRCiv 7.2, and allowed for the filing of a response and reply, if the parties so desired. Ord. (Doc. 32). As allowed, plaintiff, the United States of America, timely filed its response in opposition (Doc. 37). The time for defendant to file her reply, if any, has passed. Consequently, defendant's motions are ripe for resolution.

1 | While defendants' motions to transfer were pending, the
2 | United States filed a motion to quash writ of continuing
3 | garnishment as to garnishee Independent Financial Group, LLC,
4 | and as to garnishee Northwestern Mutual.  The reason for both
5 | motions was identical.  "[A]ll accounts were closed and no
6 | funds [we]re available[] from either garnishee.  Mot. (Doc.
7 | 33) at 1:20-21; and Mot. (Doc. 34) at 1:20-21.  The court
8 | granted both motions.  Ords. (Docs. 35 and 36).  Because the
9 | foregoing renders defendant's motions to transfer moot, the
10 | court agrees with the United States that that is a sufficient
11 | basis for denying such motions.
12 | The United States identifies a second, valid reason for
13 | denying defendant's motions.  The United States accurately
14 | points out that defendant cites to no procedural rule or
15 | statutory authority for defendant's requests to transfer.
16 | Moreover, 28 U.S.C. § 1404(a), the change of venue statute
17 | does not apply here, as the United States also points out.
18 | In relevant part, that statute provides that "in the interest
19 | of justice, a district court may transfer any civil action to
20 | any other district . . . where it might have been brought *or*
21 | to any district . . . to which all parties have consented.
22 | 28 U.S.C. § 1404(a) (emphasis added.  Defendant cannot
23 | satisfy either prong.  The criminal case from which these
24 | garnishment proceedings arose could not have originally been
25 | brought in the federal district court in San Diego,
26 | California; and defendant does not argue to the contrary.
27 | Further, the United States expressly "does not consent to
28 | such a transfer[.]" Resp. (Doc. 37) at 2:9.  For both of

-2-

1 these reasons, the court hereby ORDERS that:

2     (1) Defendant Jo Ann Champion (Pink)'s "Request to
3 Transfer Preceeding [sic] to Federal Judicial District San
4 Diego, California" (Doc. 27) is **DENIED**; and

5     (2)  Defendant Jo Ann Champion (Pink)'s "Request to
6 Transfer Proceeding to Federal Judicial District San Diego,
7 California" (Doc. 30) is **DENIED**.

8     DATED this 3rd day of October, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

16 Copies to counsel of record